IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM R. DIXON, | : | Case No. 3:11-cv-150 |
| Petitioner, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Michael J. Newman |
| WARDEN, Southern Ohio Correctional Facility, | : | |
| Respondent. | : | |

**ORDER GRANTING RESPONDENT'S
MOTION TO QUASH SUBPOENA (DOC. 13)**

This case is pending before the Court on a petition for a writ of a *habeas corpus* pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's unopposed motion to quash a subpoena that was served on Trevor Clark, Staff Counsel for the Ohio Department of Rehabilitation and Correction, to appear at a deposition and produce "any and all reports, including but not limited to 'PC Investigative Reports'" involving Petitioner from the Southern Ohio Correctional Facility. Doc. 13-1.

A *habeas* petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). Thus, a *habeas* petitioner must obtain leave of Court before requesting discovery. *Id.*

Here, Petitioner never obtained leave of Court to conduct discovery in his *habeas* proceeding. Nor did he respond to Respondent's motion to quash. Moreover, as Respondent argued in the motion to quash, the Court questions how Mr. Clark's deposition and the requested documents

relate to Petitioner's pending *habeas corpus* proceeding.  *See* doc. 13 at PageID 2064-65.

Accordingly, Respondent's motion to quash (doc. 13) is **GRANTED**.

**IT IS SO ORDERED.**

April 5, 2012                                                                                              s/ **Michael J. Newman**
                                                                                                          United States Magistrate Judge