IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


WILLIAM R. DIXON,

        Petitioner,    :    Case No. 3:11-cv-150

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio
 Correctional Facility,

    :
    Respondent.


## TRANSFER ORDER


This habeas corpus case, brought *pro se* by Petitioner William Dixon under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Reopen the Case (ECF No. 47).

Petitioner initially filed this case May 6, 2011 (ECF No. 1) pleading the following Grounds for Relief:

> **Ground One**: The trial court erred when it refused to substitute counsel, who failed to prepare for trial, which violates the Defendant's Fifth, Sixth, Eight, Thirteenth and Fourteenth Amendments.
>
> **Ground Two:** The trial court erred when Dixon was deprived of his Sixth and Fourteenth Amendment rights due to ineffective counsel.
>
> **Ground Three:** The trial court erred when it failed to grant a new trial based on new evidence in violation of Defendant's due process rights.
>
> **Ground Four:** The trial court erred when Defendant's due process rights were violated due to prosecutorial misconduct, specifically withholding evidence.

*Id.* at PageID 21, 24, 27, 31. District Judge Rose dismissed the case with prejudice on February 11, 2013 (ECF Nos. 22, 23). Dixon's appeals were dismissed.

Five years later Dixon sought to reopen the case (ECF No. 36). The Magistrate Judge reference was transferred to the undersigned who then transferred the case to the Sixth Circuit because the motion constituted a second or successive habeas petition (ECF No. 39). A subsequent motion to reopen was transferred on the same basis (ECF No. 44). The Sixth Circuit denied permission to file a second or successive petition in both instances (ECF Nos. 42, 46).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law (*Artuz v. Bennett*). The Court held this was a proper use of Rule 60(b) and the district court could reach the motion on the merits without precertification by the court of appeals. However, movants under 60(b)(6) must show "extraordinary circumstances" which will rarely occur in the habeas context and which are not presented by a change of law. *Gonzalez.*

In this case, however, Petitioner is not challenging the integrity of the prior proceedings, but is attempting to add new claims relating to adoption of new Ohio legislation, S.B. 288. Dixon cannot proceed in this Court without permission of the Sixth Circuit.

**Conclusion**

Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997), the Clerk is ordered to TRANSFER this case to the United States Court of Appeals for the Sixth Circuit for that Court's determination of whether Dixon may proceed.

August 5, 2024.

s/ *Michael R. Merz*  
United States Magistrate Judge