# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM R. DIXON,

                Petitioner,           :     Case No. 3:11-cv-150

   - vs -                           District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

RYAN WALTERS, Warden,[1]
  Allen-Oakwood Correctional Facility

                               :
                Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner William Dixon under 28 U.S.C. § 2254, is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. *In re William R. Dixon,* Case No. 24-2678 (6th Cir. Dec. 23, 2024)(Unreported; copy at ECF No. 51).

This Court concluded Dixon's Motion to Reopen Case (ECF No. 47) constituted a second or successive habeas corpus petition because it raised new claims not previously pleaded and therefore transferred the case to the Sixth Circuit for its consideration under 28 U.S.C. § 2244(b) of whether Dixon could proceed. The circuit court, however, decided

> Dixon's proposed § 2254 petition is not second or successive
> because the legislative changes giving rise to his claim did not
> become effective until 2023, after the denial of his first habeas
> petition and later requests for authorization to file a second or

---

[1] On Respondent's education that Dixon is now in the custody of Warden Walters and pursuant to Fed.R.Civ.P. 25, Warden Walters is substituted as Respondent for Warden Stuff and the caption is amended as shown.

> successive petition. See *In re Jones,* 54 F.4th 947, 949-50 (6th Cir.
> 2022) (explaining that a 28 U.S.C. § 2255 motion is not second or
> successive when the events giving rise to the claim had not yet
> occurred at the time of the movant's first § 2255 motion); *In re
> Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (order)(concluding that the
> petitioner's constitutional challenge to amendments to Michigan's
> parole-review procedures was not second or successive where the
> amendments occurred after the denial of his first habeas petition).

(ECF No. 51, PageID 2363). The proposed § 2254 petition referred to by the circuit court has never been filed with this Court. However the Magistrate Judge interpreted "the remand as construing Dixon's claim to be that he is being unconstitutionally imprisoned because his twenty-one year sentence was effectively reduced by legislation enacted by the Ohio General Assembly in 2023 and he is being held despite the new legislation. That claim, and only that claim, is before the Court." (ECF No. 52, PageID 2368). The Court then ordered the Respondent to answer that claim. *Id.*

Respondent timely filed the State Court Record (ECF No. 62) and a Return of Writ (ECF No. 63). Petitioner filed a reply/traverse labeled "Pro Se Response to Respondent's Motion" (ECF No. 72) as well as a Motion to Correct Illegal Sentence (ECF No. 66). Therefore this case is ripe for decision.

## Analysis

Dixon's claim is that new Ohio legislation, S.B. 288 (referred to by him as H.B. 288 in some filings) enacted in 2023, entitles him to a reduction in his sentence such that it expired November 30, 2023. Respondent asserts Dixon has procedurally defaulted on this claim by not fairly presenting it to the Ohio courts.

Dixon filed a motion for judicial release on July 3, 2024 (State Court Record, ECF No. 62,

2

Ex. 12). In that motion, Petitioner gives an alternative name of Faluch Bigsby and refers to the relevant legislation as H.B. 288 which he claims gave him a new release date of November 30, 2023. *Id.* at PageID 2598. He claims "Bigsby" qualifies for release under medical and financial conditions. *Id.* at PageID 2600.

Montgomery County Common Pleas Judge Steven Dankof denied the motion August 15, 2024, reading it as being made under Ohio Revised Code § 2929.20. *Id.* at Ex. 13. The docket of the trial court shows no appeal taken from this decision. Instead, on September 11, 2024, again using the Bigsby name, Dixon filed a "Motion to Correct Manifest Injustice" purportedly under Rule 32.1 and Ohio Revised Code § 2953.21. *Id.* at Ex. 14. Without waiting for a decision on that motion, Dixon filed a new Motion for Judicial Release on November 14, 2024, again under the name Faluch Bigsby. *Id.* at Ex. 15.

On November 25, 2024, Judge Dankof found the "Manifest Injustice" motion was barred by *res judicata*. *Id.* at Ex. 16. He also denied the renewed Motion for Judicial Release on December 17, 2024. *Id.* at Ex. 17. Again Dixon took no appeal.

Before Judge Dankof had ruled at all, Dixon filed his Motion for Leave to Reopen this case on August 2, 2024 (ECF No. 47). In it he seeks "shock release," claiming entitlement under S.B. 288.

Ohio Revised Code § 2929.20 is captioned "Sentence Reduction through Judicial Release" and codifies, *inter alia*, S.B. 288. §2929.20(B) provides in pertinent part "On the motion of an eligible offender . . . the sentencing court **may** reduce the offender's aggregate non-mandatory prison term or terms through a judicial release under this section." Because Dixon's sentence was imposed by the Montgomery County Court of Common Pleas, his Motion for Judicial Release was made to the correct court. But the statute does not itself reduce any sentence or mandate that the

sentencing court do so.

This Court has interpreted Dixon's claim to be that S.B. 288 by its very adoption reduced his sentence so that it expired November 30, 2023, and the State's continuing to hold him in custody after that date violates his constitutional right to due process by keeping him in custody beyond the maximum lawful term. But Dixon never made that claim in his Motion for Judicial Release. Instead, he asks the Common Pleas Court to interview his mental health treatment personnel (State Court Record. ECF No. 62, Ex. 12, PageID 2598). He does claim an entitlement to release on November 30, 2023, but makes no assertion of a constitutional right and states the court "may" grant him release. *Id.* He argues that he is a qualified offender under S.B. 288 for medical and financial reasons, but does not argue that the court must constitutionally grant him release, only that it may do so. He claims he has completed courses and wants to live with his ninety-two year old grandmother. *Id.* at PageID 2601. However, he never asserts that S.B. 288 entitled him constitutionally to judicial release. He did not present his present claim to the Common Pleas Court and because he did not appeal, he also never presented it to the Second District Court of Appeals or the Ohio Supreme Court.

As noted above, Respondent asserts the Dixon has procedurally defaulted on his claim because he never fairly presented it to the Ohio courts. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406

4

(6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
>                 . . . .
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster
> County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777
> (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357

(6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Respondent's procedural default defense easily meets the *Maupin* standard: Ohio abides

by the fundamental rule of judicial process that a court cannot decide an issue which has not been

presented to it. Dixon never made a claim to Judge Dankof that he was entitled constitutionally to

have his sentence reduced. He could not have raised that issue in the first instance in the Second

District Court of Appeals because he had not raised it in the trial court. Dixon's constitutional

claim – that S.B. 288 reduced his maximum term of incarceration to November 30, 2023 – is

procedurally defaulted. Dixon has offered no excusing cause and prejudice and his claim should

therefore be dismissed with prejudice.

Dixon seems to believe that the Sixth Circuit's remand gives this Court direct authority to

apply Ohio Revised Code § 2929.20 to his case. The Sixth Circuit did not do so and indeed has

no power to do so.  Ohio Revised Code § 2929.20 gives the authority to reduce a sentence to the "sentencing court" and that is the Montgomery County Court of Common Pleas, not this Court.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Dixon's claim be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 2, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #