## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WILLIAM R. DIXON,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 3:11-cv-150 |
| - vs - |  | District Judge Thomas M. Rose |
|  |  | Magistrate Judge Michael R. Merz |
| ANGELA STUFF, Warden, |  |  |
| Richland Correctional Institution, |  |  |
|  | : |  |
| Respondent. |  |  |

## DECISION AND ENTRY DENYING CHANGE OF VENUE

This habeas corpus case, brought *pro se* by Petitioner William Dixon under 28 U.S.C. § 2254, fourteen years ago on May 6, 2011, is before the Court on Dixon's Motion for Change of Venue (ECF No. 77).

28 U.S.C. § 2241(d) provides that a person in custody in a State which has two or more federal court districts may file his petition for writ of habeas corpus in the court for the district of conviction or the district of confinement. The judgment of conviction at issue here was entered by the Montgomery County Court of Common Pleas (Petition, ECF No. 1, PageID 1). Montgomery County is in the Southern District of Ohio. 28 U.S.C. § 115(b). At the time the Petition was filed, Petitioner reported he was confined at the Southern Ohio Correctional Facility at Lucasville, Ohio, in Scioto County, which is also in the Southern District of Ohio. Thus the Southern District of Ohio was and remains the only proper venue for this case.

1

Dixon bases his Motion for Change of Venue on a claim that the currently assigned judges (District Judge Thomas M. Rose and Magistrate Judge Michael R. Merz) are biased against him. As factual support he cites only the filing by the undersigned of a dispositive Report and Recommendations on April 2, 2025 (ECF No. 73), the day before the court-set deadline for him to file his Reply.  It is correct that the R&R was filed April 2, but Dixon fails to mention that he had already filed his Reply on March 24, 2025 (ECF No. 72), more than a week before the R&R was filed.  Dixon cites no facts purporting to show bias by Judge Rose, who has presided over this case since it was first filed in 2011.

The request for a change of venue is denied.  The Sixth Circuit in its discretion could have remanded this case to different judges of this Court, but Dixon never made that request to the circuit court.

Reading the Motion for Change of Venue as a motion to disqualify the undersigned, it is denied for lack of any proof of bias.  See 28 U.S.C. §§ 144 and 455.  A judge's decision in a pending case is almost never sufficient proof of bias.  *Liteky v. United States,* 510 U.S. 540, 554-55 (1994).

April 15, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge